MATTER OF MINTAH

In Visa Petition Proceedings

A–21765697

Decided by Board December 15, 1975

Once an appeal to the Board of Immigration Appeals from a District Director's order has been filed, the District Director loses jurisdiction. Any motions thereafter must be directed to the Board. Hence, the purported reopening of the proceedings in the instant case, upon motion of the Service, subsequent to the District Director's order dated February 24, 1975 denying the visa petition for lack of prosecution, from which an appeal was taken to the Board of Immigration Appeals, and the District Director's second order of June 16, 1975, following the purported reopening, are nullities, notwithstanding the District Director "certified" his second decision to the Board.

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act on July 3, 1974. The district director denied the petition in an order dated February 24, 1975 for want of prosecution because the petitioner had failed to attend scheduled interviews on November 27, 1974, January 22, 1975, and February 6, 1975.

While this matter was pending before us, the proceedings were reopened on motion of the Service. Three additional interview dates, on March 31, 1975, April 14, 1975, and April 25, 1975, were arranged to afford the petitioner an opportunity to establish the claimed relationship. Again the petitioner failed to appear. The district director, in a decision dated June 16, 1975, purportedly "reaffirmed" his earlier decision of February 24, 1975. He certified the case to us for review and final decision. To avoid any question as to our jurisdiction, we have decided to certify the entire record file to ourselves.

The district director was correct in denying the application for lack of prosecution. The petitioner's failure to appear for interviews scheduled to establish that a viable, ongoing marriage exists between her and the beneficiary is proper basis for denial of the petition, Matter of Pearson, 13 I. & N. Dec. 152 (BIA 1969). It is the petitioner's burden to establish eligibility for the benefit she seeks, Matter of Brantigan, 11 I. & N. Dec. 493 (BIA 1966); this burden has not been met in this case. We accord-

ingly find that the district director's decision of February 24, 1975 was correct when rendered.

We note, however, that on the appeal form, where she appealed from the February 24, 1975 decision, the petitioner alleges that she received no notice of the November 27, 1974 interview and was unable to attend the one set for February 6, 1975. In addition, she claims that her attorney of record was in court and consequently unavailable for the January 22, 1975 interview.

It is the conclusion of this Board that the case should be remanded so that the district director may give the petitioner an opportunity to support the contentions she made on the appeal form.

The purported "reopening" of these proceedings subsequent to the filing of the appeal, and the district director's second order, of June 16, 1975, are nullities. Once an appeal has been filed, the district director loses jurisdiction. Any motions thereafter must be directed to this Board. The regulation, 8 CFR 3.5, states that when an appeal is taken, the record be forwarded to the Board. The only exception would be where there has been a withdrawal of appeal, as is provided for in 8 CFR 3.4, but the record before us does indicate a withdrawal. The attempted "reopening" was upon motion of the Immigration Service. Therefore, we give no effect to anything done in connection with this case by the district director following the filing of the appeal from his decision of February 24, 1975. It matters not that the district director "certified" his second decision to us.

ORDER: The case is remanded for further proceedings in accordance with the forgoing opinion.