**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1147**

---

ROSA EMILIA PONCE-DE ASCENCIO; M.R.A.P.; SANTO ALFREDO ASCENCIO,

        Petitioners,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Argued:  October 29, 2021            Decided:  January 12, 2022

---

Before HARRIS, QUATTLEBAUM, and RUSHING, Circuit Judges.

---

Petition denied in part and dismissed in part by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Harris and Judge Rushing joined.

---

**ARGUED:**  Benjamin Ross Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioners.  Rachel Pearl Berman-Vaporis, UNITED STATES DEPARMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Eileen P. Blessinger, BLESSINGER LEGAL, PLLC, Falls Church, Virginia, for Petitioners.  Brian Boynton, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

Rosa Emilia Ponce-de Ascencio petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal from the Immigration Judge's (IJ) order denying asylum, withholding of removal and protection under the Convention Against Torture (CAT). Ascencio challenges the BIA's alleged failure to address the IJ's jurisdiction to issue the decision, as well as its conclusions that she was removable under 8 U.S.C. § 1182(a)(7)(A)(i) and that she had not established her right to asylum, withholding and protection under CAT. For the reasons set forth below, we deny the petition.[1]

I.

Ascencio is a citizen of El Salvador. Her husband, Santo Alfredo Ascencio, entered the United States in 2014 without inspection. A few years later, Ascencio and their minor child M.R.A.P. arrived and entered, also without inspection. The Department of Homeland Security served them with respective notices to appear as aliens present in the United States who had not been admitted or paroled. The notices charged all three as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), and the Department alleged they arrived at or near a port of entry in Texas without valid entry documents.

---

[1] In referring to Ascencio's appeal, we also address and resolve the issues raised by her husband's and minor child's derivative claims.

3

After receiving the notices, Ascencio applied for asylum, withholding of removal and CAT protection, with Mr. Ascencio and the minor seeking relief derivative of her application. Ascencio claimed a fear of persecution in her home country on account of her membership in a particular social group—the immediate family of a police officer, her sister Vilma Elizbeth Ponce de Monge. Through counsel, Ascencio admitted the allegations set forth in her notice to appear and conceded the charge of removability.

The IJ conducted the removal hearing on June 7, 2018. The hearing ended late in the day. The IJ indicated he would not be able to issue his oral decision because of the late hour. But, at the conclusion of the hearing, the IJ previewed his decision. He said that "there will be a finding that you are not credible," and "[f]or those reasons, I'll be denying you, your husband, and your child asylum, withholding of removal, and protection against torture and ordering your removal to El Salvador." A.R. 381–82. He added that he would be "making a more formal decision later today or tomorrow." A.R. 379. In response to questions from Ascencio's counsel about whether she would receive the oral decision with sufficient time to appeal, the IJ said the appeal would be due on or before July 9 and also noted that "I will be making the oral decision here at some point" to be made available by transcript to both parties. A.R. 384–85. The IJ concluded by instructing: "[t]ranscriber, we will stop right now, and I will come back to this oral decision later." A.R. 390.

On June 7, the IJ also issued a form order indicating that it was the "summary of the oral decision entered on June 7, 2018," ordering Ascencio removed to El Salvador and further denying the application for asylum, withholding of removal and relief under CAT. A.R. 136. The form order indicated that the appeal was due by July 9, 2018.

4

Two significant events happened the following day, June 8, 2018, and the record is unclear as to the order. For one, the IJ issued his oral decision describing the evidence in more detail and finding that neither Ascencio nor her sister testified credibly. The IJ noted several inconsistencies and inaccuracies as it related to the testimony and evidence presented about threats received, the police's ability to respond and Ascencio's ability to relocate within El Salvador. Regarding past persecution, Ascencio testified that she received a phone call from an unnamed person who threatened to kill her because of her relationship to her sister, and that her two cousins were killed eleven and three years before the threatening call. However, the IJ found that such testimony did not establish past persecution. And as to a well-founded fear of future persecution, the IJ determined that the evidence did not show anyone in El Salvador was specifically looking to harm Ascencio and concluded that she could avoid future persecution by relocating internally. For those reasons, among others, the IJ denied Ascencio's request for asylum, withholding of removal and CAT protection.

Also on June 8, Ascencio appealed the IJ's June 7, 2018 order. The notice of appeal indicated that the IJ ordered Ascencio removed at the conclusion of the hearing without issuing an oral decision in her presence in violation of the regulations, and that the IJ erred in denying her application for relief from removal. Ascencio filed her notice of appeal at 11:29 am. The record does not indicate the time of the IJ's June 8 decision.

On June 8, the BIA acknowledged receipt of Ascencio's appeal. Then, in its decision addressing Ascencio's appeal, the BIA indicated the matter was "ON CERTIFICATION." A.R. 3. The BIA's only explanation for its certification was a footnote which stated: "We

5

conclude this case is appropriate for certification. 8 C.F.R. § 1003.1(c)." A.R. 3 n.1. The decision also notes that Ascencio "appeals from the Immigration Judge's June 8, 2018, decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture." A.R. 3. The BIA then "adopt[ed] and affirm[ed]" the IJ's adverse credibility determination in his June 8 decision. A.R. 4. Based on that adverse credibility determination, the BIA affirmed the IJ's denial of Ascencio's asylum and withholding of removal applications. The BIA also affirmed the IJ's denial of CAT relief, specifically crediting the IJ's findings that Ascencio could reasonably be expected to relocate and that her past harm did not rise to the level of torture. Finally, the BIA considered and rejected Ascencio's argument that she was charged as removable under the wrong statute as well as Ascencio's due process concerns related to the IJ's issuance of the oral decision.

## II.

Ascencio seeks review of the BIA's order dismissing her appeal of the IJ's order. "The courts of appeals are granted jurisdiction to review final orders of removal, 8 U.S.C. § 1252(a)(1), and final orders . . . are generally made by the BIA following appeal from the decision of the IJ." *Martinez v. Holder*, 740 F.3d 902, 908 (4th Cir. 2014). "Situations may arise when it is appropriate for this Court to review an IJ's opinion, such as when the BIA adopts the IJ's decision without an opinion of its own, . . . or when the BIA adopts the IJ's opinion and supplements it with additional reasoning . . . ." *Id.* Where the "BIA issued its own opinion without adopting the IJ's opinion," the BIA's decision "constitutes the final

order of removal, and accordingly we review that opinion and not the opinion of the IJ." *Id.* "When, as here, the BIA affirms the IJ's decision with an opinion of its own, we review both decisions." *Salgado-Sosa v. Sessions*, 882 F.3d 451, 456 (4th Cir. 2018); *see also Qing Hua Lin v. Holder*, 736 F.3d 343, 350 (4th Cir. 2013). "In such instances, we limit our consideration of the IJ's opinion to the portions that have been adopted and incorporated into the Board's decision." *Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021). We review factual findings for substantive evidence and legal conclusions de novo. *Cordova v. Holder*, 759 F.3d 332, 337 (4th Cir. 2014). This Court is obliged to uphold the BIA's determinations unless they are manifestly contrary to the law and an abuse of discretion. *Tairou v. Whitaker*, 909 F.3d 702, 706 (4th Cir. 2018).

Ascencio first raises two procedural issues. She maintains that the BIA failed to address whether the IJ lost jurisdiction by the time he issued his June 8, 2018 decision and seeks remand for resolution of this question and the "issuance of a new decision if the IJ had, in fact, lost jurisdiction." Pet'rs' Br. 16. She also challenges the BIA's decision to certify the case, concluding that doing so did not cure any underlying jurisdictional problem.[2] Pet'rs' Br. 11–12.

---

[2] Before the BIA, Ascencio argued the IJ's failure to issue his June 8 oral decision in her presence violated 8 C.F.R. § 1240.13(b) and 8 C.F.R. § 1003.37(a). The BIA noted the IJ had not followed the regulations but found Ascencio had not shown any harm or prejudice. Ascencio did not advance that challenge before us.

7

A.

1.

We begin with Ascencio's argument that the IJ lost jurisdiction to issue its June 8 order in light of her filing a notice of appeal. Since the record is inconclusive as to whether the IJ's June 8 oral decision was issued before or after her notice of appeal, Ascencio insists the proceedings should be remanded with instructions to the BIA to resolve the matter administratively and remand for the issuance of a new decision if necessary. Pet'rs' Br. 16.

Initially, what Ascencio labels as a jurisdictional issue really amounts to an intra-agency allocation of responsibilities. But she is correct that BIA decisions generally limit an immigration judge's ability to act once the judge's decision is appealed to the BIA. *See In re Valles-Perez*, 21 I&N Dec. 769, 771 (BIA 1997) ("It is normally true in immigration proceedings that once an appeal is filed with the Board of Immigration Appeals, the Immigration Court . . . loses jurisdiction over the matter"); *see also Matter of Mintah*, 15 I&N Dec. 540, 541 (BIA 1975) ("[W]e give no effect to anything done in connection with this case by the district director following the filing of the appeal from his decision . . . .").[3]

However, while we are not aware of any direct authority on this point in the immigration context, it seems obvious that for an appeal to the BIA to preclude further action by the immigration judge, the IJ must have first issued an appealable decision or

---

[3] That rule, however, is not absolute. For example, in *In re Valles-Perez*, the BIA concluded that such a rule was not applicable in the case of less formal bond proceedings such that "when appropriate, an Immigration Judge may entertain a bond redetermination request, even when a previous bond redetermination decision by the Immigration Judge has been appealed to the Board." *In re Valles-Perez*, 21 I&N Dec. at 772.

order. In other words, without an appealable decision or order, a notice of appeal is ineffective and, therefore does not limit the immigration judge's ability to act. Under 8 C.F.R. § 1003.38(b), the "Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge (Form EOIR–26) shall be filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision." Here, the IJ did not issue a written decision and the record shows that, at the conclusion of the hearing on June 7, 2018, the IJ had not yet rendered his oral decision.

What's more, Ascencio knew at the end of the June 7 hearing that the IJ intended to issue an oral decision. Yet she rushed to appeal before receiving the oral decision that she knew was forthcoming and well before the July 9 date the IJ indicated the appeal would be due.[4]

In fairness, the IJ issued a summary order on June 7 and Ascencio's notice indicates this is the order she appealed. But, by regulation, the IJ's June 7 summary order did not conclude the IJ's decision. *See* 8 C.F.R. § 1240.12(a) ("The decision shall be concluded with the order of the immigration judge."). An IJ cannot issue a summary decision in lieu

---

[4] This reported due date does not tell us if the IJ was basing his calculations on the June 7 summary decision or the June 8 oral decision. Pursuant to 8 C.F.R. § 1003.38(b) the "Notice of Appeal to the Board of Immigration Appeals of Decision of Immigration Judge (Form EOIR–26) shall be filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision." *Id.* But "[i]f the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day." *Id.* Thirty days after either June 7 or 8 would fall on a weekend, thus, Monday, July 9, 2018, would have been the final date for filing an appeal either way.

of a full oral or written decision where the alien applies for asylum or withholding of removal. *See* 8 C.F.R. § 1240.12 (b) ("Notwithstanding the provisions of paragraph (a) of this section, in any case where inadmissibility or deportability is determined on the pleadings pursuant to § 1240.10(b) and the respondent does not make an application under § 1240.11, the alien is statutorily ineligible for relief, or the respondent applies for voluntary departure only and the immigration judge grants the application, the immigration judge may enter a summary decision or, if voluntary departure is granted, a summary decision with an alternate order of removal."); *see also In re A-P-*, 22 I&N Dec. 468, 472–73 (BIA 1999) (finding the regulations confine the IJ's authority to issue a summary decision in lieu of a full oral or written decision). Ascencio applied for asylum, withholding and CAT relief. Therefore, based on the applicable regulations, the June 7 form order could not have concluded the IJ's decision.

Considering the record and applicable regulations, even if Ascencio appealed before the IJ issued the June 8 decision, there is a real question as to whether the IJ's decision was incomplete at the time of Ascencio's appeal. If it was, Ascencio appealed prematurely. A premature appeal would not limit the immigration judge's ability to issue his decision. To the contrary, it would be ineffective until entry of the June 8 decision. Either way, the BIA did not err in reviewing the IJ's June 8 decision.

2.

But even if Ascencio's argument about the IJ's authority to issue the June 8 decision is correct, the BIA's consideration of the IJ's June 8 decision was harmless. Ascencio challenged the merits of the IJ's June 8 order, and the BIA addressed her challenges. Thus,

10

any irregularities in the proceedings below did not prevent Ascencio from raising all her objections to the IJ's decision before the BIA. Further, if the IJ's June 8 decision was issued after Ascencio's appeal, either the BIA or this Court could remand the proceedings for a more complete decision. If such remand was ordered, there is no reason to believe the IJ would vary from his June 8 decision. In turn, we fail to see how Ascencio's requested relief would yield a different outcome.

This conclusion is consistent with the Eighth Circuit's reasoning in *Puc-Ruiz v. Holder*, 629 F.3d 771, 781–82 (8th Cir. 2010). There, the petitioner argued that the BIA erred in denying his motion to strike the IJ's written decision issued after the petitioner filed his notice of appeal. The BIA held that even if the IJ's written decision was a nullity, petitioners suffered no prejudice. The Eighth Circuit found that the BIA erred in denying the motion to strike and not remanding the case for the IJ's technical failure to comply with 8 C.F.R. § 1240.12(a). But it explained that the petitioner "pointed to no factual or legal inconsistencies between the IJ's oral and written decisions, and has proffered no other evidence indicating that, upon remand, the IJ would do anything other than re-issue the same written decision that was improperly issued . . . ." *Id.* Thus, it concluded the BIA's error was harmless and declined to remand on the issue.

We find the Eighth Circuit's reasoning persuasive. And for the reasons stated above, we conclude that the BIA's decision to resolve the matter without remanding to the IJ for a new decision, even if incorrect, was harmless.

11

B.

The BIA's decision to certify the case further reduces, if not eliminates, any prejudice arising from the timing of Ascencio's June 8 notice of appeal and the IJ's June 8 oral decision. At the time the Board issued its decision on January 7, 2021, the BIA was permitted by regulation to certify a case to itself. *See* 8 C.F.R. § 1003.1.[5] While certification is most commonly used for the BIA to hear untimely appeals or a "'case' that otherwise could not be properly heard," *see Desta v. Ashcroft*, 329 F.3d 1179, 1185 (10th Cir. 2003), Ascencio raised a legitimate question to the BIA about the IJ's jurisdiction to issue the June 8 decision. In this situation, certification was not unreasonable. *Cf. Matter of Aviles*, 15 I& N Dec. 588, 588 (discussing the BIA certifying the record to itself "[t]o avoid any questions as to our [BIA's] jurisdiction").

---

[5] Prior to January 15, 2021, subsection (c) of 8 C.F.R. § 1003.1 (organization, jurisdiction, and powers of the Board of Immigration Appeals) articulated "Jurisdiction by certification" as follows:

> The Commissioner, or any other duly authorized officer of the Service, any Immigration Judge, or the Board may in any case arising under paragraph (b) of this section certify such case to the Board. The Board in its discretion may review any such case by certification without regard to the provisions of § 1003.7 if it determines that the parties have already been given a fair opportunity to make representations before the Board regarding the case, including the opportunity [to] request oral argument and to submit a brief.

8 C.F.R. § 1003.1(c) (effective April 1, 2020 to January 10, 2021).

12

Ascencio nonetheless challenges the BIA's certification, arguing that it could not cure any underlying problem with the immigration judge's authority to issue the June 8 decision and that the decision fails to provide an adequate explanation of the reasoning for its certification. On the second issue, Ascencio has a point. While it seems likely the BIA certified the case to clean up the procedural mess arising from Ascencio's appeal in a way that did not unnecessarily delay the proceedings, the BIA did not provide much explanation. Still, we lack jurisdiction to review a discretionary decision by the BIA under 8 C.F.R. § 1003.1(c) to certify a case. *See Idrees v. Barr*, 923 F.3d 539, 542–43 (9th Cir. 2019); *see also Diallo v. Holder*, 332 F. App'x 47 (4th Cir. 2009) ("[W]e find that we lack jurisdiction to review the Board's refusal to exercise its discretionary authority to certify the case . . . .").

Even if we had authority to vacate the decision, we see no reason to do so. The BIA's certification allowed the BIA to review the IJ's decision and all of Ascencio's objections to it. Any vacatur would only unnecessarily delay the resolution of Ascencio's applications for relief. Accordingly, we dismiss the petition to the extent it challenges the BIA's discretionary authority to certify the case and the BIA's decision on certification.

### III.

Next, we turn to the merits of Ascencio's appeal.

### A.

Ascencio argues that, if we decline to remand at the outset, we should hold that she is not removable under 8 U.S.C. § 1182(a)(7)(A)(i). According to Ascencio, the

13

government charged her under the wrong statute. She insists that § 1182(a)(7)(A)(i), which applies to aliens who lack valid entry documents "at the time of application for admission," only applies to aliens who attempt to enter at a point of entry, not aliens who enter the country without inspection.

The BIA rejected Ascencio's arguments. It first determined that she was "appropriately charged" under § 1182(a)(7)(A)(i) and that the IJ "properly sustained the charge" based on "clear and convincing evidence." A.R. 5. It also reasoned that she conceded removability as charged at multiple hearings and was, therefore, bound by those concessions.

Because of her concessions, we need not resolve whether § 1182(a)(7)(A)(i) applied to Ascencio. The government charged Ascencio to be removable under § 1182(a)(7)(A)(i). That section provides:

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission—(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title, . . . is inadmissible.

8 U.S.C. § 1182(a)(7)(A)(i). Following that charge, on several occasions, Ascencio admitted the government's allegations and conceded that she was removable. First, at an initial hearing in removal proceedings, she admitted the charge in the Notice to Appear that "[y]ou are an alien present in the United States who has not been admitted or paroled." A.R. 1002; *see also* A.R. 147 ("We admit the allegations. We concede the charge of

14

removability . . . ."). Later, after the IJ observed that "[t]here were admissions and concessions to the [§ 1182(a)(7)(A)(i)] charge," he asked if counsel stood by those admissions and concessions. A.R. 160. Counsel said that she did.

Ascencio insists those concessions are not binding. She contends that counsel "mistakenly conceded the charge of removability" and argues that the BIA erred in finding she was bound by the concessions. Pet'rs' Br. 2, 38. According to Ascencio, this is a legal conclusion that was not subject to stipulation. The IJ, she maintains, was required to independently determine whether she was removable.

An IJ's ability to rely on concessions of removability is well settled. *Hoodho v. Holder*, 558 F.3d 184, 191–92 (2d Cir. 2009) ("When the parties do not contest removability and the record evidence does not contradict that concession, we see no reason why an IJ cannot be 'satisfied' that no legal or factual issues bar the acceptance of that concession."); *Lima v. Holder*, 758 F.3d 72, 80–81 (1st Cir. 2014) (recognizing that several circuits have concluded that an IJ can rely on admissions and concessions in determining removability); *Matter of Velasquez,* 19 I&N Dec. 377, 382 (B.I.A. 1986) ("[W]hen an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on his alien client and may be relied upon as evidence of deportability"); *cf. Salem v. Holder*, 647 F.3d 111, 116–17 (4th Cir. 2011) ("The government unquestionably met its burden of establishing by clear and convincing evidence that Salem was removable for having been convicted of two or more crimes involving moral turpitude, and indeed Salem conceded the point.").

15

In addition, this is not a situation where a concession compromised a viable argument. Ascencio not only conceded removability but also admitted the facts to sustain the removability charge. And even on appeal, she offers no facts indicating she was not removable. In sum, the IJ—after several concessions—indicated that he was satisfied that Ascencio was removable as charged. That satisfies the IJ's role consistent with 8 C.F.R. § 1240.10. Accordingly, we find no error on the part of the IJ nor the BIA.[6]

## B.

Finally, Ascencio argues that if we uphold the BIA's removability finding, we should nevertheless vacate the BIA's denial of her applications for relief. She first argues that the BIA erred in upholding the denial of asylum and withholding of removal based solely on the IJ's adverse credibility finding without considering any independent corroborating evidence.

To be sure, the BIA found no clear error in the IJ's adverse credibility finding as it related to asylum and withholding of removal and, therefore, adopted and affirmed that portion of the IJ's decision. And adverse credibility findings are often fatal to these claims. *See Rusu v. INS*, 296 F.3d 316, 322–23 (4th Cir. 2002). But the BIA did not deny relief based solely on Ascencio's adverse credibility finding. To the contrary, the decision

---

[6] Even if Ascencio was charged under the wrong statute, she was removable under § 1182(a)(6)(A)(i). And notwithstanding *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), "[h]armless-error analysis applies in immigration cases." *Ngarurih v. Ashcroft*, 371 F.3d 182, 191 n. 8 (4th Cir. 2004) ("While the general rule is that 'an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained,' . . . reversal is not required when the alleged error 'clearly had no bearing on the procedure used or the substance of the decision reached . . . .'").

indicated that the BIA "rel[ied] upon all other findings articulated by the Immigration Judge." A.R. 4 n.4. And the IJ extensively detailed the reasons for its adverse credibility determination and lack of corroboration. The record simply does not support Ascencio's argument.

C.

Finally, Ascencio challenges the BIA's denial of her petition for relief under CAT. She contends the BIA erred by placing dispositive weight on her ability to avoid torture by relocating.

To obtain CAT relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). An adverse credibility finding is relevant but not determinative. *See Camara v. Ashcroft*, 378 F.3d 361, 372 (4th Cir. 2004). Beyond credibility, a determination of whether an individual is more likely than not to face torture if returned to the country of removal includes consideration of evidence of past torture, whether the individual could relocate to another part of the country where he or she is less likely to be tortured, evidence of gross, flagrant or mass violations of human rights with the country of removal, as well as other relevant country-specific information. *See* 8 C.F.R. § 1208.16(c)(3); *Singh v. Holder*, 699 F.3d 321, 334 (4th Cir. 2012).

Ascencio's argument that the BIA relied exclusively on her ability to relocate is primarily based on the following sentence from the BIA's decision: "As the respondent could be expected to relocate, she has not met her burden of proof for this relief." A.R. 4;

17

Pet'rs' Br. 49. According to Ascencio, this language indicates that the BIA relied on the relocation issue to the exclusion of other evidence.

But we must consider the BIA's decision in its entirety. When we do so, it is apparent that the BIA's decision did not place improper influence on the relocation decision. The BIA affirmed the IJ's denial of CAT relief, holding that it was supported by substantial evidence. The IJ in turn denied CAT relief finding that Ascencio's fear of harm related to private—not governmental—actors, that other family members remained in El Salvador unharmed, that Ascencio's past harm did not rise to torture and that she only received one or two threats years after an initial threat of harm. He then concluded that Ascencio did not provide sufficient evidence of past torture or that government officials would be complicit in the torture to meet her burden. Thus, the IJ's decision, which the BIA concluded was supported by substantial evidence, addressed issues beyond Ascencio's ability to relocate. From our review of the record, we see no error in the BIA's determination that substantial evidence supports the conclusion that Ascencio failed to meet the standard of relief under CAT.

## IV.

For the foregoing reasons, the petition for review is

*DENIED IN PART AND DISMISSED IN PART.*

18