**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ASIF IDREES,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

*Respondent*.

No. 15-71573

Agency No.
A070-786-987

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2018
Pasadena, California

Filed December 13, 2018
Filed April 30, 2019

Before:  Ronald M. Gould, Barrington D. Parker,[*]
and Mary H. Murguia, Circuit Judges.

Order;
Opinion by Judge Gould

---

[*] The Honorable Barrington D. Parker, United States Circuit Judge
for the U.S. Court of Appeals for the Second Circuit, sitting by
designation.

## SUMMARY[**]

### Immigration

The panel filed: (1) an order that amended its opinion filed on December 13, 2018, and published at 910 F.3d 1103, denied petitioner's petition for rehearing and rehearing en banc, and ordered that no future petitions for rehearing or rehearing en banc will be entertained; and (2) an amended opinion.

In the amended opinion, the panel dismissed in part and denied in part Asif Idrees's petition for review of the Board of Immigration Appeals' decision that declined to certify his ineffective assistance of counsel claim for review under 8 C.F.R. § 1003.1(c), holding that the BIA's decision not to certify a claim is committed to agency discretion and, in this case, not subject to judicial review.

Under 8 C.F.R. § 1003.1(c), the BIA has authority to accept a procedurally improper appeal by certification. Idrees sought certification of a claim asserting that his prior counsel's ineffective representation prevented him from timely appealing his underlying removal order. The BIA had previously rejected that claim when it reopened and remanded the case to the immigration judge on a separate ineffective assistance of counsel claim. On remand, the immigration judge denied relief, and Idrees appealed to the BIA, arguing that the immigration judge should have certified his ineffective assistance of counsel claim to the BIA. The BIA declined to certify the issue, noting that it had

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

already rejected Idrees's claim when it reopened his proceedings.

The panel held that the decision not to certify a claim is committed to agency discretion under 5 U.S.C. § 701(a). The panel explained that the plain language of 8 C.F.R. § 1003.1(c) commits the matter to the BIA's discretion, the regulation contains no standard for how the agency should exercise its discretion, and no other regulation or statute provides guidance on this issue. The panel noted that, although the BIA stated in *In re Liadov*, 23 I. & N. Dec. 990 (BIA 2006), that it will certify claims in "exceptional circumstances," the BIA had not elaborated on which circumstances are considered to be exceptional and thus sufficient to merit certification. Accordingly, the panel concluded that it did not have jurisdiction to review Idrees's challenge to the decision not to certify his claim.

The panel noted that it did not hold that judicial review of the BIA's refusal to certify a case is never appropriate, observing that, in other contexts, the court has held that, even where a regulation commits a matter to agency discretion, the court may review the decision if there is "law to apply" in doing so. However, the panel explained that Idrees did not assert that the BIA and IJ's refusal to certify his claim for ineffective assistance of counsel rested on any constitutional or legal error; he challenged only the BIA's exercise of its discretion in refusing to certify his claim, which is not subject to judicial review.

The panel also rejected Idrees's contention that the denial of the opportunity to be heard on his ineffective assistance of counsel claim violated his due process rights, explaining that abuse of discretion challenges, even recast as due process claims, do not constitute colorable constitutional claims.

**COUNSEL**

William Rounds (argued) and Mike Singh Sethi, Sethi Law Group, Orange, California, for Petitioner.

Alison Marie Igoe (argued) and Lyle D. Jentzer, Senior Counsel for National Security, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Kristin Macleod-Ball, American Immigration Council, Brookline, Massachusetts, for Amicus Curiae American Immigration Council.

**ORDER**

The opinion in the above-captioned matter filed on December 13, 2018, and published at 910 F.3d 1103, is amended as follows:

At slip opinion page 9, line 18, insert a footnote following <agency discretion.> stating: "We do not hold that judicial review of the BIA's refusal to certify a case is never appropriate. In other contexts, we have held that, even where a regulation commits a matter to agency discretion, the court may review the decision if there is "law to apply" in doing so. *See Bonilla v. Lynch*, 840 F.3d 575, 586–88 (9th Cir. 2016). But, Idrees does not assert that the BIA and IJ's refusal to certify his claim for ineffective assistance of counsel rested on any constitutional or legal error. He challenges only the BIA's exercise of its discretion in refusing to certify his claim, which is not subject to judicial review."

Petitioner-Appellant's Petition for Rehearing is **DENIED**. The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R. App. P. 35. Petitioner-Appellant's Petition for Rehearing En Banc is also **DENIED**.

No future Petitions for Rehearing or Petitions for Rehearing En Banc will be entertained.

**OPINION**

GOULD, Circuit Judge:

Petitioner Asif Idrees seeks our review of an April 30, 2015 decision of the Board of Immigration Appeals (the "BIA") declining to certify, pursuant to 8 C.F.R. § 1003.1(c), his claim for ineffective assistance of counsel. For the reasons set forth below, we conclude that the decision not to certify Idrees's ineffective assistance of counsel claim is committed to agency discretion and is not subject to judicial review.

**I**

Asif Idrees is a Pakistani national. In 1997, he was charged under INA § 212(a)(6)(A)(i) as an alien present in the United States without permission. Idrees admitted the charge and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Following a hearing, the immigration judge ("IJ") found that Idrees's membership in the Muttahida Qaumi Movement ("MQM")—which was considered a terrorist organization in Pakistan during the relevant time period—barred him from asylum and withholding of removal. The IJ further found that Idrees was not credible and that he did not prove eligibility for protection under the Convention Against Torture ("CAT"). The IJ ordered Idrees removed to Pakistan. Idrees appealed the removal order to the BIA, challenging only the IJ's adverse credibility determination. On June 28, 2005, the BIA dismissed Idrees's appeal, adopting and affirming the IJ's conclusions in the order of removal. Idrees did not petition for judicial review of the BIA's decision.

On April 3, 2006, Idrees filed a "Motion to Reopen Removal Proceedings, based on Ineffective Prior Counsel, and Prima-Facie Eligibility for Adjustment of Status." Idrees alleged that his attorney, Humberto Gray, was ineffective and that Gray's ineffective representation prevented him from timely filing an immediate relative petition.  Idrees also argued that Gray's ineffective assistance prevented him from timely appealing the 2004 removal order.  The BIA agreed that Gray was ineffective as to the immediate relative petition, but concluded that Gray did not perform ineffectively by not appealing Idrees's removal order because the scope of the work for which Gray had been retained did not include Idrees's removal proceedings.  Instead, the record showed that Idrees was represented by a different attorney, Thomas Stefanski, in Idrees's removal proceedings during all times relevant to the appeal of his 2004 removal order.  The BIA reopened the case for the limited purpose of permitting Idrees to apply for adjustment of status based on his immediate relative petition and remanded to the IJ.

On remand, the IJ continued the case many times to permit the United States Citizenship and Immigration Services ("USCIS") to process Idrees's adjustment of status petition.[1]   While his adjustment of status petition was

---

[1] On December 2, 2008, after the BIA's order reopening the case and remanding for adjustment, the government withdrew its previous charge against Idrees of entering without inspection and lodged a charge under INA § 212(a)(7)(A)(i) asserting that Idrees was an arriving alien and nonimmigrant who did not possess a valid nonimmigrant visa when he applied for admission.  The effect of the new charge was to divest the IJ of jurisdiction to adjudicate Idrees's adjustment application.  *See* 8 C.F.R. § 1245.2 (as a general rule, an alien in removal proceedings must file his adjustment application with the IJ, but an alien in removal

pending before USCIS, Idrees filed a second application for asylum based on changed circumstances—namely, that he is a practicing Muslim married to a practicing Christian and would be persecuted based on his mixed marriage if he returned to Pakistan. Idrees's adjustment of status petition was denied in November 2012 after the USCIS determined that his marriage was fraudulent and his wife withdrew her immediate relative petition. Following a hearing in May 2013, the IJ determined that Idrees was ineligible for adjustment of status or asylum relief and that he was not eligible for protection under the CAT. The IJ ordered Idrees removed to Pakistan.

Idrees appealed the IJ's decision to the BIA, arguing that the IJ should have certified his claim for ineffective assistance of counsel to the BIA for consideration. Idrees again argued that Gray's ineffective assistance of counsel prevented Idrees from timely appealing his order of removal. The BIA rejected Idrees's argument and declined to certify the issue for review, noting in its order that it had already rejected Idrees's ineffective assistance of counsel argument in its 2006 order reopening the case for consideration of Idrees's adjustment of status petition. The BIA affirmed the IJ's removal order, and Idrees petitioned for judicial review.

## II

Section 1003.1(c) of Title 8 of the Code of Federal Regulations grants the BIA authority to accept a procedurally improper appeal by certification. Idrees's principal argument is that the BIA and IJ erred by not exercising their discretion under 8 C.F.R. § 1003.1(c) to

proceedings who is classified as an arriving alien must file his adjustment application with the USCIS).

certify his ineffective assistance of counsel claim for review. Before we can address the merits of Idrees's argument, we must first determine whether a decision not to certify a claim under 8 C.F.R. § 1003(c) is subject to judicial review.

Judicial review under the Administrative Procedure Act is limited to the review of final agency actions that are not statutorily precluded from review or committed to agency discretion. 5 U.S.C. § 701(a). An administrative action is "committed to agency discretion" when the law is drawn "so that a court would have no meaningful standard against which to review the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). If we determine that 8 C.F.R. § 1003.1(c) commits the decision of whether to certify a claim to agency discretion, we lack jurisdiction to review that decision. This is an issue of first impression in this circuit.

We considered a similar issue in *Ekimian v. INS*, 303 F.3d 1153 (9th Cir. 2002), and our reasoning in that case is instructive here. The petitioner in *Ekimian* sought review of the BIA's decision not to exercise its power to *sua sponte* reopen his case for review, and the government argued that we lacked jurisdiction to review the decision. After examining the text of what is now 8 C.F.R. § 1003.2,[2] which grants the BIA authority to "at any time reopen or reconsider on its own motion any case in which it has rendered a decision," we concluded that we lacked jurisdiction to review the decision. We explained that "[t]he text of § [1003.2] does not provide a standard controlling or directing the BIA's decision whether to reopen, and similarly provides no standard for reviewing the BIA's

---

[2] At the time the case was decided, the provision was codified at 8 CFR § 3.2.

decision." *Id.* at 1157–58. We held that we "lack[] jurisdiction to review a BIA decision not to reopen the proceeding *sua sponte* under 8 C.F.R. § [1003.2]." *Id.* at 1154.

Like the regulation at issue in *Ekimian*, the plain language of 8 C.F.R. § 1003.1(c) commits the matter to the BIA's discretion. That conclusion is apparent from the plain language of the regulation itself:

> [A]ny Immigration Judge, or the Board may in any case arising under paragraph (b) of this section certify such case to the Board. The Board in its discretion may review any such case by certification without regard to the provisions of § 1003.7 if it determines that the parties have already been given a fair opportunity to make representations before the Board regarding the case, including the opportunity [to] request oral argument and to submit a brief.

The regulation contains no standard for how the agency should exercise its discretion in determining whether to certify a claim for review. And no other regulation or statute provides guidance on this issue. The BIA has stated that it will certify claims in "exceptional circumstances," *In re Liadov*, 23 I. & N. Dec. 990, 993 (BIA 2006), but it has not elaborated on which circumstances are considered to be exceptional and thus sufficient to merit certification. *See Ekimian*, 303 F.3d at 1157 (rejecting petitioner's argument that the BIA's acknowledgment that it would reopen proceedings *sua sponte* in "exceptional situations" established a standard sufficient for review).

Other courts of appeal that have considered this issue have concluded that the regulation commits the decision of whether to certify a claim to agency discretion. *Vela-Estrada v. Lynch*, 817 F.3d 69, 71 (2d Cir. 2016) ("In light of the lack of meaningful guidance on how the BIA's discretion should be applied . . . [we] conclude that the decision not to certify an untimely appeal is committed to agency discretion by law."); *Liadov v. Mukasey*, 518 F.3d 1003, 1011 (8th Cir. 2008) ("[T]he BIA's refusal to self-certify [is] an unreviewable action committed to the agency's discretion."); *Mahamat v. Gonzalez*, 430 F.3d 1281, 1284 (10th Cir. 2005) (holding that, because the regulation lacks judicially manageable standards for judging the agency's exercise of discretion, "the certification issue is beyond review").

We join the Second, Eighth, and Tenth Circuits in holding that the decision of whether to certify a claim under 8 C.F.R. § 1003.1(c) is committed to agency discretion.[3] Because we do not have jurisdiction to review the IJ and BIA's decision not to certify Idrees's ineffective assistance of counsel claim, we dismiss his appeal of the failure to certify.

---

[3] We do not hold that judicial review of the BIA's refusal to certify a case is never appropriate. In other contexts, we have held that, even where a regulation commits a matter to agency discretion, the court may review the decision if there is "law to apply" in doing so. *See Bonilla v. Lynch*, 840 F.3d 575, 586–88 (9th Cir. 2016). But, Idrees does not assert that the BIA and IJ's refusal to certify his claim for ineffective assistance of counsel rested on any constitutional or legal error. He challenges only the BIA's exercise of its discretion in refusing to certify his claim, which is not subject to judicial review.

## III

Idrees also contends that the denial of the opportunity to be heard on his ineffective assistance of counsel claim violates his due process rights. Although he attempts to frame the issue as a separate claim, the crux of the challenge centers on the BIA and IJ's decision not to certify his claim for review. We reject this argument because "abuse of discretion challenges to discretionary decisions, even if recast as due process claims, do not constitute colorable constitutional claims." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citing *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

## IV

We do not have jurisdiction to review Idrees's challenge to the BIA and IJ's decision not to certify his ineffective assistance of counsel claim for review, and Idrees does not allege a colorable due process claim. We **DISMISS** his challenge to the agency's decision not to certify his ineffective assistance of counsel claim, and we **DENY** his due process claim challenging the same lack of certification.

**DISMISSED IN PART AND DENIED IN PART.**