NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE M. DAVID SUAZO, | No. 18-71779 |
| Petitioner, | Agency No. A074-985-223 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Jose M. David Suazo, a native and citizen of Honduras, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review questions of law de

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo legal claims regarding United States citizenship. *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Suazo failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Suazo's asylum and withholding of removal claims fail.

In his opening brief, Suazo fails to challenge the agency's determination that he did not establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to

2                                                                    18-71779

contest issue in opening brief resulted in waiver). Thus, Suazo's CAT claim fails.

Suazo has failed to establish a genuine issue of material fact as to whether he acquired derivative citizenship. *See* 8 U.S.C. § 1252(b)(5)(A).

The agency did not err in determining that it could not grant Suazo legal status based on his I-601 and I-212 applications pending before the United States Citizenship and Immigration Services ("USCIS"). *See* 8 C.F.R. § 212.7(a)(1) (discussing waiver of certain grounds of inadmissibility); *see also Idrees v. Barr*, 923 F.3d 539, 541 n.1 (9th Cir. 2019) (citing 8 C.F.R. § 1245.2) (USCIS has exclusive jurisdiction to adjudicate an arriving alien's adjustment of status application).

We lack jurisdiction to consider Suazo's challenge to the agency's 2008 denial of his application for cancellation of removal because he failed to file a timely petition for review as to that final order. *See Anderson v. Holder*, 673 F.3d 1089, 1094 (9th Cir. 2012).

The IJ did not err in his inquiry into Suazo's competency where Suazo was previously found competent and during his underlying proceedings there was no indicia of mental incompetency. *See Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018) (citing *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011)) (a petitioner

is presumed competent and, if there are no indicia of incompetency, no further inquiry regarding competency is required).

We do not consider the materials submitted by Suazo that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the BIA's decision).

**PETITION FOR REVIEW DENIED in part; DISMISSED IN PART.**