**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED FAKRUL ISLAM, | No. 20-70493 |
| Petitioner, | Agency No. A077-318-159 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,*** Judge.

Mohammad Islam, a native and citizen of Bangladesh, seeks review of the

Board of Immigration Appeals' (BIA) order denying his motion to reopen his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Islam forfeited his right to reopen his deportation proceedings under 8 U.S.C. § 1229a(c)(7) by reentering the country illegally. *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020); 8 U.S.C. § 1231(a)(5). Because Islam's removal order was reinstated, it "is not subject to being reopened or reviewed," and Islam "is not eligible and may not apply for" reopening. *Id.* § 1231(a)(5). Section 1231(a)(5) "institute[s] a permanent jurisdictional bar" and "is a consequence of having reentered unlawfully." *Cuenca*, 956 F.3d at 1082, 1084. Since Islam points to no other statutory provision "that confers upon him the right to reopen his prior removal proceeding despite § 1231(a)(5)'s plain command," *id.* at 1086–87, we reject Islam's argument that the BIA erred by not considering his ineffective assistance of counsel claim.

2. We do not have jurisdiction to consider Islam's remaining arguments. First, Islam misreads the "gross miscarriage of justice" exception. At most, a petitioner may collaterally attack "the underlying removal order *during review of the reinstatement order* if the petitioner can show that he has suffered a 'gross miscarriage of justice' *in the initial deportation proceeding*." *Id.* at 1087 (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (emphasis added)). We therefore reject Islam's argument that the BIA's failure to

address his ineffective assistance of counsel claim is a miscarriage of justice. There is no established "gross miscarriage of justice" exception to § 1231(a)(5)'s reopening bar. *See id.*

Second, Islam forfeited any argument that he did not receive notice of the reinstated order. Any such challenge is time-barred. *See Islam v. Sessions*, No. 17-72766 (9th Cir. Mar. 27, 2018). We also see nothing in the record that suggests he used the appropriate avenue to challenge notice. *See Cuenca*, 956 F.3d at 1086 (noting that 8 U.S.C. § 1229a(b)(5)(C)(ii) provides a potential avenue of relief for aliens seeking "rescission of a removal order entered in absentia based on a claim of lack of notice").

Third, Islam recasts the Immigration Judge and BIA's exercise of discretion as a due process violation. But "[a]buse of discretion challenges to discretionary decisions, even if recast as due process claims, do not constitute colorable constitutional claims." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citing *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)). We therefore decline to review the agency's discretionary decisions to recertify the case under 8 C.F.R. §§ 1003.1(c) and 1003.7. *See Idrees v. Barr*, 923 F.3d 539, 542–43 & n.3 (9th Cir. 2019).

Finally, this petition is not the appropriate vehicle for opposing removal based on credible fear. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 957 (9th Cir. 2012)

(explaining the process to pursue a claim of persecution or torture). The BIA instructed Islam on how to pursue such a claim, yet nothing in the record suggests that he has taken the necessary steps to do so.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**