**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS LOPEZ-GUEVARA, | No.    22-21 |
| Petitioner, | Agency No. A022-317-477 |
| v. | |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023 **
Pasadena, California

Before:  WARDLAW and H.A. THOMAS, Circuit Judges, and ROSENTHAL,***
District Judge.

Jose Luis Lopez-Guevara, a native and citizen of El Salvador, seeks review of

a Board of Immigration Appeals ("BIA") order denying his untimely motion to

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "We review the Board's denial of a motion to reopen for abuse of discretion, but review purely legal questions de novo." *Id.* The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). Finding no abuse of discretion or legal error, we deny the petition for review.

Lopez-Guevara first entered the United States in 1970. He departed the United States on August 29, 1978, only to reenter the next day. In September 1981, Lopez-Guevara was convicted in the Superior Court of California of second-degree murder. He remained in prison until February 2019, when he was released on parole. Shortly after his release, the Department of Homeland Security initiated removal proceedings against Lopez-Guevara.

Around the same time, Lopez-Guevara filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). An Immigration Judge denied Lopez-Guevara's application on April 7, 2020. The order specified that Lopez-Guevara had until May 7, 2020, to appeal.

Lopez-Guevara filed a notice of appeal on April 17, 2020, while in immigration custody. On April 24, 2020, the BIA rejected the notice of appeal on the basis that Lopez-Guevara had failed to either pay the filing fee or submit a fee-waiver request. The rejection letter stated that Lopez-Guevara could correct the error

2

and resubmit the appeal but noted, in all caps, that "THIS DOES NOT EXTEND THE ORIGINAL STRICT 30-DAY TIME LIMIT within which you must file your appeal."

On May 5, 2020, two days before the deadline to appeal expired, Lopez-Guevara resubmitted his appeal, attaching a fee-waiver request form. On May 7, 2020 (the deadline to appeal), the BIA again rejected the appeal because Lopez-Guevara had submitted an incorrect fee-waiver form. The notice of rejection attached the correct form and stated that "[a]ny corrected appeal resubmitted after the 30-day time limit <u>must</u> be filed within 15 days of the date of this notice." The notice was mailed to the Immigration and Customs Enforcement Detention Center where Lopez-Guevara had been detained until May 6, 2020, the day before the notice was sent.

On May 21, 2020, Lopez-Guevara filed a change of address form, updating his address to reflect his release from custody. On July 7, 2020, he submitted his appeal for a third time, using the same incorrect fee-waiver form he had attached to his second appeal. The BIA mailed Lopez two identical letters, one dated August 14, 2020, and one dated August 26, 2020, to his correct address, rejecting his third appeal for failure to include the correct fee-waiver form. The letters again stated that "[a]ny corrected appeal resubmitted after the 30-day time limit <u>must</u> be filed within 15 days of the date of this notice."

3

Lopez-Guevara sent in a fourth appeal, with the correct fee-waiver form attached, on September 1, 2020. The BIA summarily dismissed this appeal as untimely because it should have been filed by May 7, 2020. Lopez-Guevara filed a motion for reconsideration.

The BIA found that Lopez-Guevara's statements were not supported by the evidence. The BIA did not abuse its discretion in making this finding. Although Lopez-Guevara initially blamed the delay in his appeal on a custody officer who provided a wrong form and on problems delivering and sending mail at the detention center, the BIA noted that he later recanted both those accusations and conceded that ICE did try to file his Notice of Appeal twice. The BIA also found that Lopez-Guevara did not take appropriate steps to inform the BIA of his change in address after his release from immigration custody. The BIA explained that under 8 C.F.R. § 1003.15(d)(2), Lopez-Guevara was "required to provide written notice of a change in address to the Board within 5 days, but [he] did not update his address with the Board until more than two weeks after his release from DHS custody." The BIA noted that although Lopez-Guevara had claimed that he had tried to update his address sooner, he failed to provide "evidence in support of this contention, such as an affidavit from the respondent or the respondent's son."

Lopez-Guevara has not identified an error of law or fact in the BIA's decision to deny review of the untimely appeal. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R.

4

§ 1003.2(b)(1). Lopez-Guevara argues that the BIA deprived him of due process because it refused to consider the appeals he filed with an improper fee-waiver form, even though the fee-waiver form he initially used strongly resembled the proper form. But Lopez-Guevara has not argued that the BIA's failure to consider his appeal unfairly prejudiced him, as required to make out a due process claim. *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010). Lopez-Guevara's due process claim has been forfeited for lack of substantial argument. *See Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021). Additionally, the incorrect form Lopez-Guevara initially submitted before his appeal deadline expired expressly directs filers that, if they "wish to request a fee waiver for an appeal to the [BIA], [they] must use a Form EOIR-26A, Appeal Fee Waiver Request." This instruction put Lopez-Guevara on notice that he needed to use a different form in April 2020, well before his appeal deadline expired.

Finally, this Court lacks jurisdiction to review the BIA's decision not to exercise its self-certification authority. "[T]he decision of whether to certify a claim under 8 C.F.R. § 1003.1(c) is committed to agency discretion." *Idrees v. Barr*, 923 F.3d 539, 543 (9th Cir. 2019). Because the BIA did not abuse its discretion or violate the Due Process Clause in denying Lopez-Guevara's motion for reconsideration, and we do not have jurisdiction to review the remainder of the petition, the petition is **DISMISSED in part** and **DENIED in part**.

5