NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ASIF IDREES,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.    18-71630

Agency No. A070-786-987

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2023**
Pasadena, California

Before:  D.M. FISHER,*** BYBEE, and DESAI, Circuit Judges.

     Petitioner Asif Idrees, a native and citizen of Pakistan, was ordered removed

to Pakistan in 2004.  We previously denied Idrees' petition to review the Board of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Immigration Appeals' (BIA) denial of his second motion to reopen his removal proceedings. *Idrees v. Whitaker*, 910 F.3d 1103 (9th Cir. 2018), *amended by Idrees v. Barr*, 923 F.3d 539 (9th Cir. 2019). While that petition was pending, Idrees filed his third motion to reopen, which the BIA also denied. That denial is the subject of this appeal.

We have jurisdiction to review the BIA's final order under 8 U.S.C. § 1252(a)(1). We review denials of motions to reopen for abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "We review the BIA's determination of purely legal questions de novo, and review its factual findings for substantial evidence." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

1. Motions to reopen removal proceedings must be filed within ninety days after a final order of removal. 8 C.F.R. § 1003.2(c)(2). Untimeliness may be excused only where a petitioner demonstrates changed circumstances arising in his country of nationality or removal that materially affect his eligibility for relief which were not available or able to be discovered or presented at his last hearing. *Id.* § 1003.2(c)(3)(ii). A petitioner must also establish prima facie eligibility for such relief. *INS v. Abudu*, 485 U.S. 94, 104–05 (1988).

Idrees filed his third motion to reopen on November 1, 2017, over two years after the BIA entered its final administrative order dismissing his appeal on April 30, 2015. As his third motion to reopen was untimely, Idrees was required to demonstrate changed country conditions and prima facie eligibility for relief to excuse the untimeliness of his motion. Idrees demonstrated neither.

2. In determining whether a petitioner has demonstrated changed country conditions, the Court "is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). The new evidence submitted must "show[] a change that is material to his claim for relief." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1262 (9th Cir. 2023). Materiality depends on whether the new evidence is "qualitatively different from the evidence presented at the previous hearing." *Najmabadi*, 597 F.3d at 987 (internal quotations and citation omitted).

Here, the BIA considered the new evidence that Idrees submitted, reviewing Idrees' unsworn declaration, news articles related to the Muttahida Qaumi Movement (MQM) from 2011–2017, a Wikipedia article about "Operation Burnout" from 1992–1994, a 2017 report from the Refugee Board of Canada about

3

the current status of MQM, as well as Idrees' father's letter and a 2017 news article regarding the death of an MQM activist. The BIA considered only the evidence that was not available at the final hearing on his asylum application and related relief in February 2004. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring consideration only of evidence of changed country conditions that materially affects a petitioner's eligibility for relief and that was not available or able to be discovered or presented at the last hearing). The Board concluded that the declarations and articles submitted by Idrees were not sufficient evidence to warrant reopening.

This decision was not "arbitrary, irrational, or contrary to law," *Bonilla*, 840 F.3d at 581. The Board was entitled to afford the unsworn statements little evidentiary weight because they were not affidavits. *See* 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(B); *see also INS v. Jong Ha Wang*, 450 U.S. 139, 143 (1981). Further, Idrees' claims were not based on personal knowledge, contained inconsistencies about his father's arrest, and were not supported by any other evidentiary material.

Additionally, substantial evidence supported the BIA's conclusion that the remaining evidence (various MQM-related articles) did not establish a material change in country conditions in Pakistan. The articles do not corroborate Idrees'

4

claims that country conditions in Pakistan have sufficiently changed in any way that is material to his relief. There is no indication that the political tensions discussed in a few of the articles are "qualitatively different" from those that existed prior to Idrees' 2004 asylum hearing. Thus, the BIA did not abuse its discretion in concluding that Idrees failed to establish materially changed country conditions.

3. Even if Idrees had demonstrated material changes in country conditions, he failed to establish prima facie eligibility for the relief sought—here, deferral of removal under the Convention Against Torture (CAT). To be eligible for deferral of removal under CAT, Idrees must "establish that it is more likely than not that he . . . would be tortured if removed to [Pakistan]." 8 C.F.R. § 1208.16(c)(2).

The BIA concluded that the changed country conditions evidence that Idrees submitted failed to meet this standard, which was neither arbitrary nor irrational. Although Idrees asserts that the evidence he submitted established that the "Pakistani government is after MQM members" and showed that "his family received threats specifically from the government asking for his whereabouts," the unsworn statements were properly afforded little weight. The remaining evidence supports the BIA's conclusion that Idrees did not demonstrate that he is more likely

5

than not to face torture if returned to Pakistan. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (concluding that the BIA did not abuse its discretion in concluding that speculative evidence did not satisfy the "more likely than not" standard for CAT protection); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that generalized evidence of crime could not establish prima facie eligibility for CAT protection). Thus, the Board did not err in concluding that Idrees failed to establish prima facie eligibility for relief.

Because substantial evidence supports the BIA's conclusions, the Board did not abuse its discretion in denying Idrees' motion to reopen.

**PETITION DENIED.**