**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN MELENDRES,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 22-754<br><br>Agency No.<br>A216-277-446<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2023**
Pasadena, California

Before: W. FLETCHER and MENDOZA, Circuit Judges, and SCHREIER,
District Judge.***

  Adrian Melendres, a native and citizen of Mexico, petitions the Court to

---

  \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  \*\*\*   The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

review the Board of Immigration Appeals' (BIA) summary dismissal of his untimely appeal. Having jurisdiction under 8 U.S.C. § 1252,[1] we grant the petition for review, reverse and remand to the BIA.

At the time Melendres moved to request that the Board certify Melendres's late-filed appeal, the BIA refused to recognize that the deadline to appeal under 8 C.F.R. § 1003.38(b) was subject to equitable tolling. *See Matter of Liadov*, 23 I. & N. Dec. 990, 993 (BIA 2006), *overruled by Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (BIA 2023). Instead, the BIA interpreted a separate provision, 8 C.F.R. § 1003.1(c), as authorizing the BIA to "certify" to itself a case that presented "exceptional circumstances." *Id.* Thus, when Melendres appeared before the BIA, Melendres's sole avenue of relief for his late-filed appeal was to request that the BIA certify his case for review, and any attempt to argue equitable tolling would have been futile under the BIA's precedent.

---

[1] The Government correctly notes that generally, we lack jurisdiction to review the BIA's decision to not certify a claim under 8 C.F.R. § 1003.1(c). *See Idrees v. Barr*, 923 F.3d 539, 543 (9th Cir. 2019). But this general rule is subject to an exception, namely where there is "law to apply" such that the BIA's refusal to certify a claim rested on a constitutional or legal error. *Id.* at 543 n. 3. When the essence of the claim rests on the BIA's improper failure to equitably toll a deadline, there is "law to apply" because equitable tolling is governed by clear standards. *See Lona v. Barr*, 958 F.3d 1225, 1230-31 (9th Cir. 2020) (explaining various situations in which a non-citizen is entitled to equitable tolling). Here, because the essence of Melendres's petition challenges the BIA's failure to correctly apply equitable tolling principles, we have jurisdiction notwithstanding *Idrees's* general rule.

When the BIA denied Melendres's motion to certify the case to itself, the BIA did not consider equitable tolling because its decision in *Liadov* still governed. Nearly a year later, the BIA reversed its decision in *Liadov*, and held in *Morales-Morales* that the 30-day deadline to file a notice of appeal under 8 C.F.R. § 1003.38(b) was subject to equitable tolling. *See Morales-Morales*, 28 I. & N. Dec. at 716-17 (BIA decision issued May 5, 2023). Because the deadline to file a notice of appeal may be equitably tolled and because the BIA did not consider this possibility when it dismissed Melendres's appeal, we reverse and remand to the BIA to consider whether equitable tolling is appropriate in Melendres's case.

PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED.