**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-2137

ROXANA CAROLINA MARTINEZ-FUENTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 27, 2023                    Decided:  February 8, 2024

Before WILKINSON, NIEMEYER, and RUSHING, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ON BRIEF:**  Eric H. Singer, LAW OFFICE OF ERIC SINGER, LLC, Washington, D.C., for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Jennifer R. Khouri, Senior Litigation Counsel, Robert P. Coleman, III, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roxana Carolina Martinez-Fuentes, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals ("Board") denying her motion to accept her appeal out of time and dismissing the appeal. The Attorney General moves to dismiss the petition. Because we lack jurisdiction to review the Board's discretionary decision not to certify the case for appeal, we grant in part the Attorney General's motion to dismiss. *See Idrees v. Barr*, 923 F.3d 539, 542-43 (9th Cir. 2019).

Martinez-Fuentes also contends that the Board erred by not considering whether to equitably toll the 30-day appeal period. The Attorney General counters that this issue is not properly before this court because Martinez-Fuentes failed to exhaust this issue before the Board by requesting that the appeal period be equitably tolled. A final order may be reviewed only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The Supreme Court recently held that this limitation on review is not jurisdictional. *Santos-Zacaria v. Garland*, 598 U.S. 411, 414-20 (2023). We have since concluded that the exhaustion requirement of § 1252(d)(1) is a "mandatory claim-processing rule." *Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (denying review of unexhausted claim after Attorney General properly invoked § 1252(d)(1)). A mandatory claim-processing rule is "unalterable if properly raised by the opposing party." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) (internal quotation marks omitted). Because the Attorney General correctly asserts in his motion to dismiss and brief that the court should not consider Martinez-Fuentes' equitable tolling claim for failure to exhaust, we will not review the claim and deny the petition in part.

2

3

Accordingly, we grant in part the Attorney General's motion to dismiss and dismiss in part the petition for review.  We also deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART,*
*DENIED IN PART*