NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIRDEVINDER SINGH TIWANA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-376<br><br>Agency No.<br>A206-594-962<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision denying his untimely motion to reopen and remand based on changed country conditions. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When the BIA rules on a motion to reopen, "[o]ur review is limited to the BIA's decision where the BIA conducts its own review of the evidence and law." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (citation omitted). "We review the agency's denial of a motion to reopen for an abuse of discretion." *Id.* (citation omitted). "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Id.* (quoting *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014)).

1. The BIA did not abuse its discretion in denying Petitioner's motion to reopen. "[A] petitioner cannot succeed on … a motion that 'relies solely on a change in personal circumstances,' without also providing sufficient evidence of related changed country conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (emphasis omitted) (quoting *Chandra*, 751 F.3d at 1037). Petitioner argues that his new membership in Sikhs for Justice (SFJ) is a changed country condition. But SFJ was banned by the Indian government prior to Petitioner's joining, so his new membership is a change in personal circumstances, not country conditions. Petitioner has provided no evidence that India's conditions have changed regarding SFJ since he joined, so the BIA did not abuse its discretion in concluding that Petitioner's new membership in SFJ did not establish changed country conditions.

Even assuming, as the BIA did, that the farmer protests constituted a changed country condition, Petitioner still failed to present a prima facie case for asylum.

The Indian government rescinded the protested laws and began negotiations with the farmers. As a result, the farmers declared "a complete victory" and ended their protests. Petitioner does not address this change or explain why he would still suffer persecution now that the farmer protests are no longer ongoing in India.

Rather than contending with this issue, Petitioner argues that the BIA failed to consider all of the evidence. But there is a presumption that the BIA considered the evidence in the record, which Petitioner failed to rebut. *See Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022); *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Therefore, it was not arbitrary, irrational, or contrary to law for the BIA to deny Petitioner's motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (concluding that the BIA "may deny a motion to reopen" when a petitioner "has not established a *prima facie* case for the underlying relief sought").

2. Nor was Petitioner deprived of his due process rights. The agency did not violate due process by relying on Petitioner's concession of removability. *See Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011) (Where "an alien, individually or through counsel, makes admissions of fact or concedes removability, and the IJ accepts them, no further evidence concerning the issues of fact admitted or law conceded is necessary."). And Petitioner's argument that the BIA denied his due process rights by abusing its discretion in denying his motion to reopen likewise fails because "abuse of discretion challenges to discretionary decisions, even if

3

recast as due process claims, do not constitute colorable constitutional claims." *Idrees v. Barr*, 923 F.3d 539, 543 (9th Cir. 2019) (quoting *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007)).

**PETITION DENIED.**