NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO ROBLEDO, | No. 24-479 |
| Petitioner, | Agency No.<br>A201-906-166 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025**
Phoenix, Arizona

Before:    HAWKINS, WALLACH, and R. NELSON, Circuit Judges.***

Humberto Robledo seeks review of the decision of the Board of Immigration

Appeals ("BIA") denying his "Motion to Reopen by Certification." We have

jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

The BIA concluded that Robledo's motion was, in substance, a motion for reconsideration and denied the motion as untimely. Contrary to Robledo's contentions, the BIA did not err by construing his motion as a motion for reconsideration. Although Robledo alleged that ineffective assistance of counsel ("IAC") lead to the untimely filing of his appeal, Robledo had presented the facts underlying his IAC claim in an earlier motion to the BIA in which he asked the BIA to accept his untimely appeal.

Accordingly, Robledo's instant motion did not rely on previously unavailable facts or otherwise present circumstances that would warrant treating it as a motion to reopen rather than a motion to reconsider the BIA's earlier denial of his request to accept his untimely appeal. *See Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004) ("[W]here the facts surrounding allegedly ineffective representation by counsel were unavailable to the petitioner at an earlier stage of the administrative process, motions before the BIA based on claims of ineffective assistance of counsel are properly deemed motions to reopen." (quoting *Iturribarria v. INS*, 321 F.3d 889, 891 (9th Cir. 2003))). Robledo does not dispute that he filed the instant motion after the thirty-day deadline for a motion to reconsider had expired. *See* 8 U.S.C. § 1229a(c)(6)(B).

Robledo also contends that the BIA improperly declined to consider the materials supporting his motion in violation of his due process rights. Robledo's

due process claim is effectively a repackaging of his general claim that the BIA erred by not reopening his case and accepting his untimely appeal by certification. Because we lack jurisdiction to consider the BIA's discretionary decision not to accept an untimely appeal by certification, we will not consider Robledo's due process claim. *See Idrees v. Barr*, 923 F.3d 539, 543 (9th Cir. 2019) ("[A]buse of discretion challenges to discretionary decisions, even if recast as due process claims, do not constitute colorable constitutional claims." (quoting *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007))). We also lack jurisdiction to review Robledo's claim that the BIA should have reopened his proceedings sua sponte. *See Perez-Camacho v. Garland*, 54 F.4th 597, 606–07 (9th Cir. 2022).

**PETITION FOR REVIEW DENIED.**