**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 24 2025

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN VILLEGAS-MARTINEZ, | No. 23-2611 |
| Petitioner, | Agency No. A079-191-935 |
| v. | |
| PAMELA BONDI, United States Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted June 20, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Ruben Villegas-Martinez, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") summarily dismissing

his untimely appeal of an Immigration Judge's ("IJ") 2001 order of removal. We

have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss it

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in part.

The BIA did not abuse its discretion by summarily dismissing Villegas-Martinez's untimely appeal. *See Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). Villegas-Martinez is not entitled to equitable tolling because he failed to act diligently. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (holding that a filing deadline may be equitably tolled "during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as petitioner acts with due diligence in discovering the deception, fraud or error" (quotation and citation omitted)).

Assuming, as the BIA did, that Villegas-Martinez's former attorney was ineffective, Villegas-Martinez offers no reasonable explanation for why it took him over 20 years to discover the misconduct and file his appeal. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) ("Equitable tolling is 'applied in situations where, despite all due diligence, the party requesting equitable tolling is unable to obtain vital information bearing on the existence of the claim.'" (citation omitted)); *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (explaining that we may consider whether the non-citizen "took reasonable steps to investigate the [attorney's] suspected fraud or error").

Villegas-Martinez also fails to demonstrate that he attempted to inquire about his case and immigration status after the IJ ordered him removed. Further, even after

he discovered the alleged fraud in 2021, Villegas-Martinez waited over a year and a half to file his notice of appeal with the BIA. Thus, the BIA did not abuse its discretion by summarily dismissing Villegas-Martinez's appeal. *See Mejia-Hernandez*, 633 F.3d at 824 (explaining that in instances of fraudulent representation, "the limitations period is tolled until the petitioner definitively learns of counsel's fraud" (quotation and citation omitted)).

The BIA also declined to consider Villegas-Martinez's appeal by certification. We lack jurisdiction to review that discretionary decision by the BIA since it did not rest on any constitutional or legal error and therefore dismiss that part of the petition. *See Idrees v. Barr*, 923 F.3d 539, 543 & n.3 (9th Cir. 2019).

The petition is **DENIED in part and DISMISSED in part**.[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.

23-2611