**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS SALVADOR SOSA MORALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3549

Agency No.
A075-738-097

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 20, 2025
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Luis Salvador Sosa Morales, a native and citizen of Mexico, seeks review of

the Board of Immigration Appeals' (BIA) summary dismissal of his appeal from

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252, and we deny

the petition.

We review for abuse of discretion the BIA's summary dismissal of an appeal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and decision not to permit equitable tolling. *Magana-Magana v. Bondi*, 129 F.4th 557, 574 (9th Cir. 2025); *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We review de novo the question whether the BIA's summary dismissal of an appeal violated a petitioner's due process rights. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021).

1.      Sosa Morales argues that the BIA abused its discretion in finding that he did not substantially comply with the procedural requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), or otherwise show ineffective assistance of counsel that was plain on the record. We see no reversible error. Even assuming the BIA abused its discretion in finding no deficient conduct on the part of prior counsel, Sosa Morales has not shown that he was "substantial[ly] prejudice[d]" by such conduct, as is required for an ineffective assistance of counsel claim. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022). Under our precedent, an alien establishes a presumption of prejudice when he "is prevented from filing an appeal in an immigration proceeding due to counsel's error," because "the error deprives the alien of the appellate proceeding entirely." *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (citation modified). In contrast, the BIA in its decision here expressly invited Sosa Morales to file a motion to reconsider with the proper proof required under *Lozada*. Because the BIA directly invited Sosa Morales to return with the necessary documentation to support his ineffective assistance of

2                                                      24-3549

counsel claim, we hold that he was not deprived of the appellate proceeding entirely, and thus no prejudice is presumed from prior counsel's alleged deficient conduct. And on the record before us, we cannot say that Sosa Morales was actually harmed due to prior counsel's failure to timely file the notice of appeal. Accordingly, the BIA did not err in dismissing the petition on Sosa Morales's ineffective assistance of counsel claim.[1]

2.     Nor did the BIA violate Sosa Morales's due process rights by failing to consider DHS's lack of objection to his untimely notice of appeal. The lack of objection does not excuse Sosa Morales's burden to show that equitable tolling is warranted in his case. *See Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (B.I.A. 2023).

3.     Nor did the BIA err as a matter of law or violate Sosa Morales's due process rights by declining to exercise its certification authority. Sosa Morales argues that the BIA "should have considered ineffective assistance of counsel when considering its certification authority." But we generally lack jurisdiction to review a BIA decision not to certify a claim, which is discretionary by nature, unless "there

---

[1] Sosa Morales also argues that timely service of the notice of appeal to the Department of Homeland Security (DHS) constitutes an extraordinary circumstance warranting equitable tolling. However, the question is not whether an extraordinary circumstance *excuses* the untimely filing, but whether an extraordinary circumstance *prevented* timely filing. *See Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020).

is 'law to apply' in doing so." *Idrees v. Barr*, 923 F.3d 539, 543 n.3 (9th Cir. 2019) (citation omitted). Because Sosa Morales challenges the BIA's exercise of discretion, there is no law to apply, and we dismiss this part of the petition for lack of jurisdiction.

Sosa Morales offers mere conclusory assertions that he has an interest in a reasoned explanation from the BIA regarding its decision not to certify the appeal. But he does not otherwise support his argument or cite authority for the proposition that the BIA violated his procedural due process rights. We find the argument is therefore waived, and we decline to address it. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**